IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL A. LOVINGS,<br>　　　Plaintiff, | )<br>) Civil Action No. 7:05cv00502<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| GENE JOHNSON, et al.,<br>　　　Defendants. | )<br>) By: Jackson L. Kiser<br>) Senior U.S. District Judge |

Plaintiff Paul A. Lovings, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges that while incarcerated at the Red Onion State Prison ("ROSP") he is under threat of potential physical harm due to additional chain restraints on cell doors and inadequate fire detection devices. As relief, Lovings seeks declaratory, injunctive, and monetary relief, as well as, a transfer to another facility.

After reviewing plaintiff's complaint, I am of the opinion that Lovings has failed to raise any claim of constitutional magnitude. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### I.　　Claims and allegations

Lovings raises multiple concerns about the use of chain latches on the exterior of cell doors at ROSP. Lovings alleges that each cell door is equipped with a chain, approximately seven inches in length and attached to the cell door via a snap, as an additional safety restraint in addition to the regular locking mechanism. Lovings claims that because he cannot remove this chain while in his cell, and he has tried, it must be individually unsnapped by a guard during an emergency situation,

and thus he is at serious risk if there is a fire. Additionally, Lovings claims that should there be an incident in his cell, such as another inmate attacking him or injuring himself, he cannot quickly exit his cell. Again, he would then need a guard to disable both the internal locking mechanism and remove the chain latch before he could exit. He claims that this supports his theory that the chain latches pose a safety threat.

Additionally, Lovings claims that ROSP lacks adequate smoke detection devices. He again claims that in the event of a fire, due to lack of smoke detection devices, the fire will not be promptly put out and he is thus, at risk of injury.

## II. Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Lovings alleges that the lack of what he considers to be adequate fire safety devices and escape routes puts him at risk of serious harm. Plaintiff refers to this as a violation of his Fourteenth Amendment right to equal protection, however when a prison official is accused of deliberate indifference to a serious risk of harm, that claim is properly considered under the Eighth

2

Amendment. In its prohibition of cruel and unusual punishment, the Eighth Amendment imposes a duty on prison officials to ensure that inmates receive adequate food, clothing, and medical care and must "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). When an inmate raises a claim based on failure to protect, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials have a deliberate indifference to the risk posed to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 835 (1994). Thus, to be liable a prison official must know of and disregard an excessive risk to inmate health and safety. Id. at 837.

While Lovings may not be able to personally disable the chain latches on the cell doors, he has not demonstrated that, because of those chains, he has sustained a serious or significant injury or is at risk of a future injury. Lovings has not alleged any actual injury, rather he complains that should there be a fire, guards would need to individually open each cell before an inmate could escape. However, Lovings admits that each housing unit is equipped with multiple smoke detection devices, guards remain in the cell unit at all times, and guards conduct a visual inspection of the interior of each cell at multiple times per hour. Thus, it is apparent that prison officials have taken steps to reduce fire threats in the individual prison units.

Furthermore, Lovings admits that each unit has approximate 44 cells and at all times is staffed by at least three, and usually six, guards. Accordingly, in the event of a fire each guard would need to manually unsnap the chain latch on between seven and fourteen cells. Lovings has presented no evidence which suggests that one guard cannot quickly unsnap the chain latches from up to fourteen cells during a fire. As Lovings has suffered no actual injury nor has he presented any evidence to suggest that prison officials have ignored fire safety concerns at ROSP, I find these

3

claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Additionally, I find Lovings contention that he should be able to personally remove the chain latch on the front of his door in the event of an emergency absurd. Obviously any means of exiting a cell which is controlled by the inmate would pose a significant safety threat to correctional officers, staff, other inmates, and the public.

### III. Conclusion

Based on the foregoing, I find that Lovings has failed to raise any claim of constitutional magnitude. Accordingly, I will dismiss his all claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER:** This 25TH day of August, 2005.

_[signature]_
Senior United States District Judge